*519
 
 Robinson, J.
 

 This action was begun in the court of common pleas of Hardin county to set aside the order, decree, and judgment of the juvenile court of Hardin county adjudging Betty Eileen Keegan to be a dependent child, and to set aside the order, decree, and judgment of the probate court of Hardin county changing the name of Betty Eileen Keegan to Betty Eileen Rarey and granting adoption of her to plaintiff in error, Lulu Rarey. It is a collateral attack upon such judgments, upon the ground of fraud practiced upon the juvenile court in securing the judgment of dependency, and upon the ground that the juvenile court did not acquire jurisdiction by reason of the fact that it did not serve a citation or notice, actually or constructively, upon the defendant in error, Beatrice Schmidt, the mother of the child. Judgment was there entered for the defendant, the plaintiff in error here. An appeal was prosecuted to the Court of Appeals of Hardin county, where a judgment was entered for the plaintiff, defendant in error here, whereupon that court, finding its judgment in conflict with a judgment pronounced upon the same question by the Court of Appeals of the First District, certified its record to this court for review and final determination.
 

 The record discloses that the plaintiff in error obtained possession of the infant child of defendant in error by virtue of a contract of employment, whereby plaintiff in error, for a monthly stipend, agreed to care for such child; that defendant in error did not fully comply with her agreement to pay; that the defendant in error had demanded the return of the child; that the plaintiff in error had
 
 *520
 
 formed and expressed a purpose to keep the child as her own; that at the time of the proceedings in the juvenile court the whereabouts of the father of the child was unknown to either the plaintiff in error or the defendant in error; that the residence of the defendant in error was known to the plaintiff in error at all times; that plaintiff in error, to secure the order decreeing the child to be a dependent, made representation that the place of residence of the defendant in error was to her unknown.
 

 In view of the conclusion we have reached, we shall confine our consideration and discussion to the question of jurisdiction.
 

 The jurisdiction of the juvenile court to declare a child dependent, and therefore to deal with its custody, care, supervision, and education, is of statutory creation, and the answer to the jurisdictional problem of this case must be found in the statute. Section 1648, General Code, provides:
 

 “Upon filing of the complaint, a citation shall issue, requiring such minor to appear, and the parents or guardian or other person, if any, having custody or control of the child or with whom it may be, to appear with the minor * * V’
 

 "Were there no other or further provision with reference to the citation of the parent we would be forced to the conclusion that the citation of the parent was a matter of minor consideration in the composite mind of the Legislature, for the various persons to be cited are connected with the disjunctive “or,” and among them is included “other person, if any, * * * with whom it may be.” However, this section, after detailing the process
 
 *521
 
 by which the minor, or other person named in the complaint and charged therein with having abused, abandoned, neglected, or in any way contributed to the delinquency or dependency of the minor, may be brought in by warrant and arrest, provides:
 

 “Whenever it shall appear from affidavit that a parent or guardian or other person having the custody of such child resides or has gone out of the state or that his or her place of residence is unknown so that such citation cannot be served on him or her, the clerk shall cause such citation to be published,” etc.
 

 It further provides for the mailing of a copy of the publication to the parent, guardian, or other person having the custody of such child, provides that the hearing shall be held at least two weeks later than the date of the publication, and provides that the court shall then have jurisdiction to deal with the child.
 

 While the section as a whole is inartfully drawn, it quite definitely appears that before the jurisdiction of the court to deal with the child attaches one of three classes of persons — the parent, the guardian, or the person having custody of the child —shall have legal notice of the pendency of the complaint. In the instant case the parent had neither actual nor constructive notice, and the record discloses that affirmative action was taken to prevent her from knowing of the pendency of the proceeding. The child had no guardian. The complaint was filed by the person who had the physical custody of the child, and she claims that by reason of such custody her appearance in the case, in response to her own complaint that the child was a
 
 *522
 
 dependent child, fulfilled the requirement as to notice to the “person having the custody of such child.”
 

 The controlling question in this case, then, is whether the mere physical possession of plaintiff in error, at the time she made the application in the juvenile court, constituted her a “person having the custody of such child” within the meaning and intent of those words as used in Section 1648, G-eneral Code. That section and related sections were enacted to promote the health, morals, and well-being of dependent and otherwise unfortunate children, and, as an incident and means of accomplishing such purpose, the power was conferred upon certain courts to confide the custody elsewhere than with the parents. The legislation was intended as a shield for the infant, but not as a sword to be wielded by a stranger to deprive the parent of his day in court upon an issue of the custody of his minor child, and was not designed for the purpose of judicially creating a nominal custodian and empowering such custodian to surrender custody of the child to another without the knowledge or consent of the parent.
 

 The word “custody” in law signifies “the detainer of a person by virtue of a lawful authority”; “judicial or penal safe-keeping.” Having in mind the purpose of the enactment of the dependency statutes, the legal significance of the word “custody,” and the fact that the words, “or other person having the custody of such child,” follow, and are used in association with the words “parent or guardian,” we are of opinion that the Legislature intended that the doctrine of
 
 ejusdem generis
 
 
 *523
 
 should apply to the interpretation of the words, “or other person having the custody of such child,” following the words “parent or guardian,” and that the words, “or other person having the custody of such child,” as used in Section 1648, General Code, contemplate and mean a custody created by operation of law or awarded by judicial order, judgment, or decree. Any other interpretation would create an intolerable situation, where any person who might have'the physical possession and control of a minor child could appear in court in the place and stead of a parent, guardian or legal custodian and consent to a judgment depriving the parent, guardian, or legal custodian of custody and control.
 

 The record discloses that the complaint of dependency and application for adoption were filed at substantially the same time, and were interdependent. The plaintiff in error admits that the complaint in dependency was made for the purpose of accomplishing the adoption, and for the purpose of providing a person other than the parent to consent to such adoption, and that the child never passed from her custody to the custody of the Hardin County Child’s Welfare Association.
 

 Since the court was without jurisdiction to deal with the child in the dependency proceeding by reason of the failure to serve the parent with notice, the judgment declaring the child to be a dependent, and confiding its custody, care, and control to the Hardin County Child’s Welfare Association, was void
 
 ab initio,
 
 and the consent of that association to the adoption of the child by the plaintiff in error was without authority of law and wholly
 
 *524
 
 ineffective to accomplish that purpose. The judgment of the Court of Appeals is, therefore, affirmed.
 

 Judgment affirmed.
 

 Jones, Matthias, Day, Allen and Kinkade, JJ., concur.