Allen, J.
 

 For the purpose of understanding the legal questions involved in this case, a chronological statement of facts is necessary.
 

 
 *528
 
 On August 4, 1932, Raymond Heth shot and killed his father, Charles B. Heth. Counsel for Raymond Heth claim that the shooting was in defense of Raymond Heth and his mother.
 

 On August 5,1932, a complaint was filed in the juvenile court of Lake county, Ohio, charging Raymond Heth with being a delinquent in that he had unlawfully, purposely and maliciously killed Charles B. Heth on August 4, 1932. On the same day Heth was arrested.
 

 On August 6, 1932, his bond was fixed, bail given, aYd the case set for hearing on August 10, 1932.
 

 On August 10, 1932, the case was continued until August 12, 1932.
 

 On August 11,1932, Raymond Heth became eighteen years of age.
 

 On August 12, 1932, at the time of the trial in the juvenile court, a citation was issued for E. W. Franz, under Section 1648, General Code, as being the person “having custody or control of the child or with whom it may be.” The juvenile court at this time made an order placing Raymond Heth in the custody of the sheriff of Lake county and committing him to the bureau of juvenile research for mental and physical examination.
 

 On August 12, 1932, an application was made by Raymond Heth to the court of common pleas of Lake county, Ohio, for a writ of
 
 habeas corpus.
 

 On August 13, 1932, the court of common pleas of Lake county heard this application, granted the writ of
 
 habeas corpus,
 
 and discharged Raymond Heth from the custody of the sheriff on the ground that the juvenile court of Lake county was without jurisdiction to issue this order. The Court of Appeals, upon the prosecution of error proceedings, reversed the judgment of the court of common pleas.
 

 The substantial legal question involved is whether the juvenile court of Lake county now has jurisdiction
 
 *529
 
 over Raymond Heth, an adult, such court having issued a warrant and made an-arrest based upon a complaint charging delinquency during the time that Raymond Heth was under eighteen years of age. No disposition of the case was made by the juvenile court before Raymond Heth became eighteen years of age.
 

 Section 1642, General Code, gives juvenile courts jurisdiction over delinquent, neglected and dependent minors, “under the age of eighteen years.”
 

 The pertinent portion of Section 1643, General Code, provides: “When a child under the age of eighteen years comes into the custody of the court under the provisions of this chapter, such child shall continue for all necessary purposes of discipline and protection, a ward of the court, until he or she attain the age of twenty-one years. The power of the court over such child shall continue until the child attains such age.”
 

 Section 1647, General Code, provides as follows: “Any person having knowledge of a minor under the age of eighteen years who appears to be either a delinquent, neglected or dependent child, may file with such juvenile court a complaint, sworn to, which may be upon information and belief, and for that purpose such complaint shall be sufficiently definite by using the word delinquent, or dependent, as the facts may be.”
 

 The pertinent portion of Section 1648, General Code, reads as follows: “Upon filing of the complaint, a citation shall issue, requiring such minor to appear, and the parents or guardian or other person, if any, having custody or control of the child or with whom it may be, to appear with the minor at a time and place to be stated in the citation; or the judge may in the first instance, issue a warrant for the arrest of such minor or for any person named in the complaint and charged therein with having abused or abandoned, or charged therein, with neglect of or being responsible for or having encouraged, aided or abetted the delin
 
 *530
 
 quency or dependency of such child, or having acted in a way tending to cause delinquency in such child. ’ ’
 

 It is the contention of the plaintiff in error that custody of the court means the guardianship and control of the minor which the court secures when it has adjudicated the complaint and found the child to be delinquent, neglected or dependent, and has thus made the child a ward of the court. It is conceded that there was no adjudication of this complaint prior to the time that Raymond Heth became eighteen years of age, and counsel hence claim that the jurisdiction of the juvenile court was
 
 ipso• facto
 
 terminated upon August 11, 1932.
 

 It is the contention of counsel on behalf of the sheriff that the issuing of the warrant and the arrest of the minor brings the child under the age of eighteen years into the custody of the court, which custody and jurisdiction continue under the statute until the child so arrested is twenty-one years old. With this contention this court agrees.
 

 Section 1659, General Code, defines the jurisdiction of the juvenile court over minors under arrest: “When a minor under the age of eighteen years is arrested on and under any charge, complaint, affidavit, or indictment, whether for a felony or a misdemeanor, such child shall be taken directly before the juvenile judge.”
 

 Under this section, if the minor is taken before a justice of the peace, judge of the police or municipal court or court of common pleas, it is the duty of such court to transfer the case to the juvenile judge, and thenceforth the case against or relating to such child is “within the exclusive jurisdiction of such juvenile judge and shall be deemed to be upon a complaint filed in such juvenile court as fully as if the appearance of such child had been upon a complaint filed in and a citation or warrant of arrest originally issued out of and by such juvenile court.”
 

 Under Section 1648, General Code, the juvenile court
 
 *531
 
 might have issued a citation requiring such minor to appear, and ordering the parents, guardian or other person having custody or control of the child to appear with the minor, or the judge might in the first instance have issued a warrant for the arrest of such minor. Since the juvenile court herein did issue such a warrant in the first instance, a citation to the minor and to any person having custody or control of the child was unnecessary. Hence the question of citation, which is the determining factor in the case of
 
 Lewis
 
 v.
 
 Reed,
 
 117 Ohio St., 152, 157 N. E., 897, does not here arise.
 

 It is to he observed that in both the case of
 
 Lewis
 
 v.
 
 Reed
 
 and in the case of
 
 Rarey
 
 v.
 
 Schmidt,
 
 115 Ohio St., 518, 154 N. E., 914, the gist of the question was the awarding of the custody of a minor child to some one other than the parent, no question of delinquency being involved. In each of the two cases it was held that when a complaint of dependency is instituted no judgment of permanent commitment to a stranger can be made by the juvenile court without notice being given by such court of the proceedings to the parent of the child. Obviously there is a marked distinction between the cases in which the gist of the controversy is the custody of the child and the right of the natural parent in the child, and the instant case.
 

 We need not, therefore, consider whether in this instance the neighbor at whose home Baymond Heth stayed for a few days after he had shot and killed his father was in fact the “guardian or other person * * * having custody or control of the child.” Since the juvenile court chose to act through a warrant and arrest upon a complaint of delinquency, the statute did not require, nor do the two holdings cited above require, the service of notice upon such person.
 

 Jurisdiction is the right to adjudicate concerning the subject-matter in a given case. 7 Baling Case Law, 1029. In this case it is not denied that the court
 
 *532
 
 had jurisdiction of the subject-matter at the time of the arrest and warrant. However, it is denied that the court had jurisdiction of the subject-matter after Raymond Heth became eighteen years of age. The right of the juvenile court to hear the case attached with the arrest of the child before he was eighteen years of age and with his being taken into the custody of the court. The proceedings were then pending in the juvenile court, and no other court had jurisdiction of the case. After August 12, 1932, as specifically provided in Section 1643, General Code, Raymond Heth continued, though then of the age of eighteen years, for all necessary purposes of discipline and protection, a ward of the court. The express provision of the Code hence compels that the judgment of the Court of Appeals be affirmed.
 

 But it is urged that since the sheriff, being a party to the controversy, himself served the summons in error in the Court of Appeals, the Court of Appeals had no jurisdiction of the error proceedings. The point urged here is that Section 2835, General Code, requires that in an action wherein the sheriff is a party or is interested, process shall be directed to the coroner, and hence the Court of Appeals did not secure jurisdiction of Raymond Heth in these error proceedings. Here again, however, the Court of Appeals had jurisdiction of the subject-matter. Did it have jurisdiction of the plaintiff in error?
 

 As a matter of fact, under Section 12259, General Code, and in compliance therewith, service was made on Heth’s attorney of record in the original case. Section 12259 makes no exception in the case of minors. Notice was given as fully as if Section 2835 had been technically complied with. But the conclusive answer to this proposition as to service is that this question was never raised in the Court of Appeals. Service was accepted by counsel for Raymond Heth, hearing was had in the Court of Appeals, and the first place
 
 *533
 
 in which this particular point was made, as shown by the record, is in the petition in error filed in this court. This being the case, under the familiar rule, the objection to the method of service was waived. ■ The attorney of record of the defendant in error did enter Heth’s appearance by accepting service, by filing briefs, by arguing the case, and he was specifically authorized to accept such service under Section 12259, General Code. This objection, therefore, is overruled.
 

 We deem it unnecessary to consider the other questions raised in the case, as these facts are determinative of the legal question involved. The Court of Appeals was correct in reversing the judgment of the court of common pleas, which discharged the plaintiff in error from the custody of the sheriff.
 

 Judgment affirmed.
 

 Weygandt, C. J., Day, Stephenson and Matthias, JJ., concur.
 

 Kinkade and Jones, JJ., not participating.