In re Adoption of McLean.

(Decided May 17, 1940.)

*Mr. Walter H. Allman*, for appellant, the Children's Bureau of the Family Service Society of Canton.

*Mr. Willis E. Himebaugh*, for appellees, Glenn W. Krabill and Evelyn B. Krabill.

Sherick, P. J. This is an appeal on a question of law from a judgment entered in an adoption proceeding in the Probate Court in favor of the petitioners, who would adopt a minor child, Richard Ernest McLean, the illegitimate child of Mary McLean, an unmarried person. Evelyn B. Krabill is a sister of Mary McLean, and the child's aunt. Since eleven days after birth, and until the child was taken into custody by an officer of the juvenile department of the Court of Domestic Relations, a period of twenty-two months, the petitioners had the care and possession of the child.

The reputed father and a relief agency have had some small part in providing for its care and maintenance.

The legal question which provokes this appeal grows out of a matter of jurisdiction exercised or attempted to be exercised in the Juvenile Court in a hearing had upon an affidavit for guardianship. The child was found to be dependent and in an improper environment. The child was, on June 15, 1939, permanently committed to the care and custody of the children's bureau. The documents of the Juvenile Court which pertain to that proceeding are attached to and appear as a part of the bill of exceptions now before this court. Two of these instruments are of importance, the first of which is a citation issued out of the clerk's office on June 8, 1939, to the chief probation officer, for Mary McLean, the child's mother, for her appearance in court one week thereafter. The sheriff's return on this instrument recites, "The within named Miss Mary McLean not served, she not being found in Stark county, Ohio." The second document is the court's journal entry of permanent commitment. It recites, "This day this cause came on for hearing. The said child was brought before the judge; and it appearing that the citation heretofore issued has been duly served, and all persons interested are now before the court." Neither the Juvenile Court files nor the record disclose that Mary McLean, the mother, was actually present at that hearing, or that she voluntarily appeared.

Appellant advances two theories respecting the attack upon the Juvenile Court judgment: First, that it is a collateral attack; and second, that the court speaks from its journal and hence the presumption of regularity must be indulged, and even though the record is silent, the fact may be that the child's mother did voluntarily appear. The appellees assert that the attack is a direct attack because of a lack of jurisdiction over the child, and that its judgment was void *ab initio*.

It is urged that the falsity of the Juvenile Court's finding is apparent and unexplained, because the sheriff's return indisputably shows that service was not made upon the mother in accordance with Section 1639-24, General Code. It is further pointed out that the Juvenile Court record does not show a compliance with Section 1639-25, General Code, which provides for service by publication. It is our judgment that the appellees have the right of the disputation.

In *Lewis* v. *Reed,* 117 Ohio St., 152, 157 N. E., 897, the court had under consideration Section 1648, General Code, which is the predecessor of present Section 1639-24, General Code. In this case *Rarey* v. *Schmidt,* 115 Ohio St., 518, 154 N. E., 914, is commented upon and approved. Both of these cases lead to but one conclusion: That the attack is direct and not collateral. In the *Lewis case, habeas corpus* was the remedy employed, wherein the Juvenile Court judgment was attacked. The judgment was alleged to be void because of fraud. The court held in the last part of the first paragraph of the syllabus:

"Until notice of such proceedings has been given to the mother, the jurisdiction of the Juvenile Court does not attach and a judgment of permanent commitment rendered in such dependency proceeding is void."

The case of *Kingsborough* v. *Tousley,* 56 Ohio St., 450, 47 N. E., 541, recently approved in *Hayes* v. *Kentucky Joint Stock Land Bank of Lexington,* 125 Ohio St., 359, 366, 181 N. E., 542, lends aid to the appellees' position. See, also, 23 Ohio Jurisprudence, 1144, Section 999.

The sheriff's return, the want of service by publication as prescribed in Section 1639-25, General Code, the silence of the Juvenile Court file and its failure to show the voluntary appearance of the mother, inescapably impeach the recital of the court's journal and establish that the Juvenile Court was without jurisdiction and its judgment is and was void *ab initio.* It must

therefore follow that the consent of the appellant to the adoption was not necessary.

Turning now to the original files of the adoption proceeding in question, we find the appearance and consent of the child's mother to the adoption have been duly filed. We find no error in the Probate Court's judgment, which will be and is affirmed.

*Judgment affirmed.*

LEMERT and MONTGOMERY, JJ., concur.