GILBERTO IRIZARRY ROMERO, Petitioner, v. DISTRICT COURT OF PUERTO RICO, ARECIBO SECTION, HON. MARTÍN ALMODÓVAR, JUDGE, Respondent; THE PEOPLE OF PUERTO RICO, Intervener.

No. 1881. Argued February 1, 1951.—Decided February 13, 1951.

---

*César L. González* and *Gilberto R. Padró Díaz* for petitioner. *Víctor Gutiérrez Franqui, Attorney General,* (*Vicente Géigel Polanco, Former Attorney General,* on the brief), *J. Rivera Barreras, Fiscal of the Supreme Court,* and *Frank Vizcarrondo Vivas, Assistant Fiscal,* for intervener.

MR. JUSTICE MARRERO delivered the opinion of the Court.

In May 1945 when the petitioner Gilberto Irizarry Romero was brought before the Juvenile Court of the District of Arecibo he was slightly over 14 years old. He was born on January 28, 1930. He was then accused of forging the signature of Juan Collazo and of having disposed of $1.00 for his personal use which Rudesindo Aponte had given him to purchase a bag of charcoal. The cases were heard before said court which ordered, on June 8, 1945, in the case of forgery, that the minor be released on probation for a period of six months under the custody of his father Francisco Mercado Rivera, and on September 26 of the same year it decided in the embezzlement case that the minor be released on probation for the same period of time under the custody of his uncles Juan Romero and Monserrate Romero, in both cases under the supervision of the District Attorney of the District Court of Arecibo.

On August 14, 1950 the petitioner was accused of four offenses of burglary in the first degree before the District Court of Puerto Rico, Arecibo Section. After pleading not guilty and requesting a trial by jury, petitioner filed a mo-

tion for dismissal in the afore-mentioned Section of said court on the ground that the court lacked jurisdiction to try him since he had been previously declared a delinquent child by the Juvenile Court of Arecibo. His motion was denied as well as the reconsideration sought by him. In order to review said action of the lower court, we issued a writ of certiorari on November 17. In support of his appeal petitioner maintains (1) that the respondent court erred in overruling his motion for dismissal, as well as (2) in denying his motion for reconsideration.

██ In denying the motion for reconsideration filed by the petitioner, the respondent court expressed itself in part as follows:

"It appears from the order of the Juvenile Court that this defendant was put under a 6-month probation period but the court never entered a decision declaring the defendant a delinquent child under any of the classifications enumerated in § 8 of the Act creating the juvenile courts. The court understands that since there is no order of the court as to whether the defendant was a delinquent or an incorrigible child at the time of the hearing or as to any other classification mentioned in § 8 of the Act, the Juvenile Court has no jurisdiction over said minor. The presumption of innocence attaches also to children prosecuted for juvenile delinquency. What the District Court did, acting as a Juvenile Court, it could equally do in the exercise of parens patriae. The fact alone that a child has been accused of a public offense does not make him a delinquent child. It is necessary for the court to declare him so after taking the legal steps pursuant to the evidence introduced. In the case at bar the court did not declare the defendant a delinquent child notwithstanding the fact that there was an information and a hearing was held and the court issued an order. For the aforesaid reasons the court overrules defendant's motion to the effect that the court has no jurisdiction and likewise it denies the motion for reconsideration."

The petitioner discusses the two assignments together and points out that although it is true that pursuant to the

ruling in *People* v. *Rivera,* 71 P.R.R. 115,[1] it is required that the child be adjudged a delinquent child by the Juvenile Court, he understands that the orders issued by the Juvenile Court of Arecibo, as made, amount to such an adjudication, although it is not expressly declared so therein. The *Fiscal* of this Court agrees in this respect with appellant and accepts that the orders issued by the Juvenile Court of the District of Arecibo against the petitioner when the latter was 14 years old gave said court exclusive jurisdiction over the minor until he attained his majority. We agree with the petioner as well as with the *Fiscal* and we conclude that since the Juvenile Court of Arecibo had assumed jurisdiction over the petitioner in the said causes when the latter was only 14 years old, the mere fact that in both orders then issued it was not expressly stated that Gilberto Irizarry Romero was adjudged a "delinquent child" did not mean that he should not be considered as such and that consequently he should not continue under the jurisdiction of the Juvenile Court until he became 21 years of age. As we said in *Torres* v. *Saldaña,* 59 P.R.R. 633, 635, "the letter nor the spirit of the statute leaves any room for doubt that the phrase 'or having once come within the jurisdiction of the juvenile court by the provisions of this Act has not attained its majority', means that a person within the scope of the above definition ca⁊ not be tried or sentenced by a court of ordinary jurisdiction, as is the District Court of San Juan." Since the Juvenile Court of the District of Arecibo had assumed jurisdiction over the petitioner when he was 14 years old and had ordered him to remain under the custody of his father and uncles respectively, the District Court of Puerto Rico,

---

[1] The petitioner is giving this case a scope it does not have. In the same Rivera was tried for petit larceny before he was 16 years old and for that reason his case was dismissed. Afterwards and when he was yet a minor, Rivera was accused of burglary in the first degree. He alleged the lower court lacked jurisdiction to try him. We decided that as the Juvenile Court had never had jurisdiction over the minor, the exclusive jurisdiction of the Juvenile Court could not be invoked.

Arecibo Section, being a court of ordinary jurisdiction, could not assume jurisdiction over the four cases of burglary in the first degree on August 14, 1950, the date on which the informations were filed, nor on October 9 of the same year the date on which the said motion to dismiss was filed by the petitioner, since on those dates he had not yet attained his majority. Consequently, the orders issued will be set aside.

■ Now, the *Fiscal* of this Court raises in his brief a question which although not argued by the petitioner we believe should be decided. The *Fiscal* calls our attention to the fact that the petitioner would be 21 years old on January 28, 1951, that after said date the Juvenile Court shall no longer have jurisdiction over the petitioner and that if the order of the respondent court were reversed, the Juvenile Court could not assume jurisdiction over the case. The question thus raised has been amply discussed by the American courts, some deciding that the date which should prevail is that on which the minor committed the offense, others that it should be the date of the commencement of proceedings against him and others that the date of trial should prevail to decide whether the court has jurisdiction over the case. See 123 A.L.R. 446 and 31 Am. Jur. 792, 618, as well as *State* v. *Walker*, 34 S. W. 2d 124; *State* v. *Rutledge*, 13 S. W. 2d 1061; *Ex parte Williams*, 177 Atl. 85; *State* v. *Moloney*, 186 N. E. 362. In this jurisdiction we have not precedents on this question. We shall therefore turn to the statute governing the matter. It is Act No. 37 of March 11, 1915 (p. 71), as amended by Act No. 10 of April 6, 1916 (p. 43) and by Act No. 62 of July 18, 1925, p. 335. Said Act provides in its § 8 that "the word 'child' or 'children' shall . . . unless specifically stated otherwise, include any child within Porto Rico who is under sixteen years of age, or having once come within the jurisdiction of the juvenile court by the provisions of this Act

has not attained its majority"; that "The words 'delinquent child' shall include any child who violates any law of Porto Rico, . . ." and that "Any child committing any of the acts herein mentioned shall be deemed delinquent, and shall be proceeded against as such as hereinafter provided." We have already pointed out that notwithstanding the manner in which the orders of the Juvenile Court of the District of Arecibo were issued their effect and scope intended to consider the petitioner a delinquent child until he attained his majority. Being it so, the jurisdiction of the Juvenile Court continued until he was 21 years of age. Act No. 37, in its § 33 further provides "This Act shall be liberally construed to the end that its purposes may be carried out, such purposes being the protection and welfare of the child, and affording children the means of reforming, of receiving an education and of becoming law-abiding citizens", and that "The proceedings and judgments determined herein shall only imply the exercise of an eminent *patria potestas* by The People of Porto Rico over children, against whom no criminal precedent shall be established." Considering the broad language of the statute and the liberality with which it should be construed, we feel it is our duty to conclude that as in Puerto Rico the juvenile court has jurisdiction over a child once he has come under its protection until the very day he attains his majority, any offense committed by him before becoming 21 years of age should be tried before the Minors' Guardianship Court of the corresponding Section of the District Court of Puerto Rico,[2] notwithstanding the fact that subsequent to said violation and prior to the filing of the information or to the trial, the minor became of age. Naturally, in assuming the Minors' Guardianship Court jurisdiction over the four cases of burglary in the first degree

---

[2] According to § 24 of Act No. 432 of May 15, 1950, pp. 1126, 1134, a Minors' Guardianship Court is created in each of the Sections of the District Court of Puerto Rico.

filed against the petitioner, the proceeding should follow the provisions of Act No. 37, *supra*.[3]

The orders issued by the respondent court will be set aside and the causes remanded for further proceedings consistent with this opinion.

---

[3] According to § 16 of said Act if a child is charged with the commission of a felony, then the accused shall have the right to demand a trial by jury or before the judge, as he may choose.