Bekl, J.
 

 Lester L. Corey and Agnes Weldy were husband and wife and are the parents of the two minor children, Illomae and Geraldine Corey. On September 2, 1938, one Gertrude L. Fox' filed a complaint in the Juvenile Court of Ashtabula county, in the following words and figures (omitting the formal parts and the verification):
 

 “The state of Ohio, Ashtabula county.
 

 “Before the Juvenile Court of said county, personally came Gertrude L. Fox residing at Ashtabula, Ohio, who being first duly sworn, says that she has knowledge of Illomae Corey and Geraldine Corey, minors under the age of eighteen years, to wit, about the age of 6 and 3 years, who is
 
 [sic]
 
 not an inmate
 
 [sic]
 
 of a state institution, or any institution incorporated under the laws of the state for the care and correction of dependent or delinquent children; that said minor is'
 
 [sic]
 
 in the custody or control of Agnes Corey and that said minor [sic] appear to be dependent children in this, that the father is in jail and the mother is unable to care for the children.
 

 “Mrs. C. D. Fox,
 

 “(Complainant or applicant.)”
 

 On.that same day the court made an entry reading-in part as follows
 

 ‘ ‘ This day, Illomae Corey and Geraldine Corey were brought before the court, complained of by Gertrude L. Fox with being dependent children, and the court having instituted an investigation, and having heard all the evidence finds: That the law has been duly complied with in this case. * * * That said children are dependent in this, that the father is in jail and the mother is unable to care for the children, therefore come into the jurisdiction of this court, being in all respects
 
 *415
 
 witliin the provisions of the law concerning dependent and delinquent children. The court, finding further that it is for the best interests of said children that their parents be deprived of their care and custody temporarily for the reason that they are incapable of caring for them, therefore orders that said children be committed to the temporary care and custody of the Ashtabula County Children’s Home, Ashtabula, Ohio, it appearing that said children are suitable persons to be so committed. The court finds further that said Lester Corey, residing Middle road, Kingsville, Ashtabula county, Ohio, father, is unable to contribute toward the support of said children. *
 
 m
 
 *”
 

 Pursuant to that order the children were delivered to the children’s home and remained there until June 8, 1943, at which time they were turned over to the petitioner (hereinafter called appellant) by the trustees of the home without any court order. The children remained with him until the early part of July 1944, at which time he permitted them to visit their mother who promised to return them at the end of two weeks.
 

 It is a reasonable inference from the record that some time after September 2, 1938, and prior to July 1944, Agnes Corey became Mrs. Horace Weldy.
 

 On July 26, 1944, the-Juvenile Court made the following entry:
 

 “In the matter of Illomae Corey and Geraldine Corey, alleged dependent children.
 

 “This 26th day of July, 1944, the above mentioned case was reconsidered by this court. The original order of the court, made the 2d day of Sept., 1938, committed said child [sic] to the temporary care and custody of the Ashtabula County Children’s Home at Ashtabula, Ohio, such order is hereby terminated and said children are committed to the care and custody of their mother, Mrs. Horace Weldy, E. L>. No. 3, Madison, Ohio.”
 

 
 *416
 
 Thereafter appellant filed an application to modify the last-mentioned order. Before a hearing thereon, he filed his petition for a writ of
 
 habeas corpus.
 
 Thereafter he dismissed, without prejudice, his application to modify.
 

 Appellant summarizes his position as follows:
 

 “First. That the Probate Court of Ashtabula county in the original instance, by reason of its failure to issue a citation or notice and have the same served upon appellant, failed to acquire jurisdiction to make any order concerning the Corey children and therefore the Court of Appeals erred in denying the writ of
 
 habeas corpus
 
 and not ordering said children returned to appellant.
 

 “Second. If the Probate Court of Ashtabula county ever acquired jurisdiction, which we deny, that through its order and subsequent events said jurisdiction ceased and terminated and said court was without jurisdiction to make a further order concerning the custody of said Corey children, without first a proper application being filed therefor and_ a notice or citation being issued and served upon appellant. Therefore the Court of Appeals erred in denying the writ and refusing to order the return of said children to appellant.”
 

 The claim of want of jurisdiction is premised upon the assertion that the Juvenile Court failed to issue a citation or notice to the parents of the children prior to its finding and order of September 2, 1938.
 

 Section 1639-24, General Code, reads in'part as follows :
 

 “After a complaint shall have been filed and after such further investigation as the court may direct,
 
 unless the parties voluntarily appear,
 
 the court shall issue a citation reciting briefly the substance of the complaint and requiring the parents, guardian, or the person or persons who have the custody or control of
 
 *417
 
 the child, or with whom, it may be, to appear personally and bring the child before the court at the time and place stated.
 

 “If the person so cited shall be other than the parent or guardian of the child, then the parent or guardian, or both, shall also be notified of the pendency of the case and of the time and place of hearing.” (Italics ours.)
 

 Attached to the agreed statement of facts is exhibit A which it is agreed is a true and correct certified copy of the records of the Probate Court of Ashtabula county in cause No. 2426 wherein Illomae Corey and Geraldine Corey were adjudged dependent children. It is agreed that “said record shows each and every complaint, application' and paper filed and entry made and notices issued in said cause and that said cause No. 2426 is the only cause in said court pertaining to the said Corey children.”
 

 That record discloses that no citation or notice was issued to either of the parents of the Corey children prior to the order of September 2, 1938. It fails to disclose that either of the parents voluntarily appeared and it is quite clear that the father, being in jail, could not so appear.
 

 There can be no escape from the fact that the provisions of Section 1639-24, General Code, are mandatory in respect to the issuance of citation or notice to the parents. The court, having failed to issue a citation or to give notice to the parents, and they not having voluntarily appeared, was without jurisdiction to find that the children were either dependent or delinquent.
 

 We are forced to the conclusion that the finding and order of the Juvenile Court, dated September 2, 1938, and all subsequent proceedings in that action were null and void. In the case of
 
 Rarey
 
 v.
 
 Schmidt,
 
 115 Ohio St., 518, 154 N. E., 914, paragraph two of the syllabus reads as follows:
 

 
 *418
 
 “Where a minor child has neither legal guardian nor a custodian created by operation of law or by judicial order, judgment, or decree, other than a parent, and the residence of such parent is known, service, actual or constructive, must be had upon such parent before a Juvenile Court has jurisdiction to declare such child a dependent child.” See, also,
 
 Lewis
 
 v.
 
 Reed,
 
 117 Ohio St., 152, 157 N. E., 897.
 

 Section 1648, General Code, which was construed in the
 
 Rarey
 
 and
 
 Lewis cases, supra,
 
 is now Section 1639-24, General Code.
 

 . The order committing the children to the temporary custody of the children’s home being void, it follows that the trustees of the home were without authority to deliver legal custody of the children to the appellant.
 

 It is elementary that parents are the legal and natural custodians of their minor children and each parent has an equal right to their custody in the absence of an order, judgment, or decree of a court of competent jurisdiction fixing their custody. Section 8032, General Code. It is well settled that
 
 habeas corpus
 
 is not the proper or appropriate action to determine, as between parents, who is entitled to the custody of their minor children.
 

 The agreed statement of facts disclosed to the Court of Appeals that the children were in the custody of their mother. There being no evidence that the appellant had a superior right to their custody, that court was fully warranted in concluding that the children were not illegally restrained of their liberty.
 

 Therefore the judgment of the Court of Appeals was correct and its judgment should be and hereby is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Zimmerman, Williams, Matthias and Hart, JJ., concur.
 

 Turner, J., concurs in the judgment.