JOURNAL ENTRY AND OPINION
Rochelle Jones (appellant-mother) appeals judgment of the Cuyahoga County Court of Common Pleas, Juvenile Division, which committed her youngest child, Rhonda Jones, to the permanent custody of the Cuyahoga County Department of Children and Family Services (CCDCFS). For the reasons stated below, we vacate the judgment and remand the matter for further proceedings.
The record demonstrates that on December 29, 1998 CCDCFS filed a complaint seeking permanent custody of Rochelle Jones' four children: Sky Jones, Star Middlebrooks, Stantasha Jones and Rhonda Jones. CCDCFS served appellant on March 25, 1999 and attempted service on each putative father of these four children by publication notice. As pertinent to this appeal, the record demonstrates that the alleged father of Rhonda Jones, Ronell Brown, was attempted to be served by notice published in the Daily Legal News on March 18, 1999. On May 5, 1999, the trial court held both adjudicatory and dispositional hearings on the complaint. The Juvenile Court granted permanent custody of the four children to CCDCFS for purposes of adoption by order journalized on May 17, 1999.
On June 4, 1999, appellant-mother timely filed her appeal to this court by which she challenges the termination of her parental rights as to her child Rhonda Jones. Appellant-mother's motion to stay execution of judgment pending this appeal of the permanent custody ruling and her request for reinstatement of visitation was denied by the trial court on June 4, 1999. This appeal follows by which appellant advances one assignment of error for our review.
 THE JUVENILE COURT ERRED IN TERMINATING PARENTAL RIGHTS AS TO RHONDA JONES WHEN SERVICE HAD NOT BEEN PROPERLY MADE ON HER ALLEGED FATHER.
In her sole assignment of error appellant contends that the permanent custody commitment as to her daughter Rhonda Jones is void claiming that the juvenile court had no jurisdiction to terminate the rights of both parents in the absence of proper service upon Rhonda Jones' father. CCDCFS argues, on the other hand, that appellant lacks standing to assert an alleged lack of service upon the putative father of Rhonda Jones and, furthermore, service had been properly made on him.
For the reasons that follow we find that service was not properly effected on Rhonda's father, Ronell Brown, and we further find that appellant-mother as an aggrieved party has standing to assert this error.
Termination of parental rights is comparable to death penalty in its severity and, thus, the parties are to be accorded every procedural and substantive protection allowed by law. In re Smith (1991),77 Ohio App.3d 1, 16. An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all circumstances, to apprise the interested parties of the pendency of the action and afford them an opportunity to present their objections. Mullane v. Cent. Hanover Bank Trust Co. (1950), 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873; Regional Airport Authority v. Swinehart (1980), 62 Ohio St.2d 403.
The within matter concerns an abuse complaint filed December 29, 1998, identified as Juvenile Case No. 9894903 regarding Rhonda Jones, child of Rochelle Jones. The putative father of Rhonda Jones is Ronell Brown whose address was unknown.
Pursuant to R.C. 2151.29 CCDCFS attempted service by publication on Ronell Brown on March 18, 1999 as follows:
Legal Notice
 989-4902 — In the matter of Stantasha Jones, Related Cases: 989-4900, 989-4901, 989-4903.
Summons
 To: Ronell Brown, whose place of residence is unknown, an abuse complaint has been filed in this Court concerning Stantasha Jones, you being the legal or alleged parent of said child and a motion for permanent custody for the purpose of adoption has been filed in this Court. You are hereby notified that should this motion for permanent custody be granted that the parents will be permanently divested of all legal rights and privileges. You are hereby commanded to appear before this Court at 2163 East 22nd Street, Cleveland, Ohio, on March 25, 1999 at 1:30 P.M., before Judge Burney when a hearing will be held on this matter.
 The person herein requested to appear shall not fail to obey this summons under penalty of law. You have the right to be represented by counsel and to have counsel appointed, if indigent.
 In testimony whereof, I have hereunto set my hand and affixed the seal of the said Court at Cleveland, Ohio, on March 10, 1999.
JOHN W. GALLAGHER.
Judge and ex-officio Clerk.
By Marita Kavalec, Deputy Clerk, Mar. 18, 1999.
As demonstrated above, the legal notice set forth the incorrect case number for the complaint as to the child Rhonda
Jones. The legal notice named a different child, to-wit: Stantasha Jones, not Rhonda Jones, as the dependant child. The notice identified Ronell Brown as either the legal or alleged parent of the incorrectly named child, Stantasha Jones.
Despite the fact that this notice contained absolutely no accurate information sufficient to apprise Ronell Brown of the pendency of an action relative to his child, Rhonda Jones, the state at oral argument on appeal asserted that such notice was close enough for government work. However, with no correct information set forth in the publication notice, it cannot be said that the substance and the time and place of the hearing on the complaint in Case No. 9894903 concerning Rhonda Jones was stated in the summons to Ronell Brown as required by R.C. 2151.29 and Juv.R. 16(A). The requirements of due process cannot be said to have been met where the publication notice fails to apprise the parent of the name of the child or identify the case. See Regional Airport Authority, supra at 406. Therefore, under these circumstances, we find that the publication service as attempted by the Court was inadequate to pass due process muster. Thus, we conclude that no notice was given to Ronell Brown, the putative father of Rhonda Jones, in regard to the motion for permanent custody of Rhonda Jones.
A complaint for permanent custody leads to an adversarial proceeding which can deprive parents of all rights in their children. Such rights must be protected by providing notice and the opportunity to be heard. See In re Miller (1980), 61 Ohio St.2d 184, 190; R.C. 2151.353. Pursuant to a complaint filed in accordance with R.C. 2151.353, the court may commit the child to the permanent custody of a public agency if the court determines in accordance with division (E) of Section 2151.414 that the child cannot be placed with one of the child's parents within a reasonable time or should not be placed with either parent and determines in accordance with division (D) of that section that the permanent commitment is in the best interest of the child. R.C. 2151.414 provides, inter alia, that the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody. The state is required to meet the burden of proof as to both parents. See R.C. 2151.414(E).
When permanent custody is awarded, the parents' rights to the child are completely terminated. In re Hitchcock (1996), 120 Ohio App.3d 88, 99. However, if only legal custody is awarded to another, then a parent may maintain residual parental rights. Id. Residual parental rights, privileges and responsibilities means those rights, privileges, and responsibilities remaining with the natural parent after the transfer of legal custody of the child, including, but not limited to, the privilege of reasonable visitation, consent to adoption, and privilege to determine the child's religious affiliation, and the responsibility of support. R.C. 2151.011(B)(41).
To grant permanent custody, the court is required to find by clear and convincing evidence that the child cannot be returned to either parent. Thus, in a case such as this, the interests of both parents are aligned. Where one parent is unable to defend against this challenge, prejudice to the other parent is inherent. This is so because if the court is unable to find by clear and convincing evidence that the child is unable to be returned to both parents and only legal custody of the child is awarded, then, one or both of the parents will retain residual parental rights. Consequently, any error prejudicial to one parent's interest is similarly prejudicial to the other's. See In re Smith, at 13. As such, the termination of all appellant's parental rights, including the possibility that she may retain her residual parental rights which is made without a full adjudication of whether the child could be placed in the father's potential custody, is inherently prejudicial to appellant.
The jurisdiction of the juvenile court does not attach until notice of the proceedings has been provided to the parties. In re Miller (1986),33 Ohio App.3d 224; In re Frinzl (1949), 152 Ohio St. 164, 177. Due to the relationship between parents and children and because of the social consequences involved, a juvenile court cannot make a valid order changing temporary commitment of a child to a permanent commitment without service of notice upon the parent of the child, strictly in accordance with the law. In re Cowling (1991), 72 Ohio App.3d 499, 502; Frinzl, supra at 172. Parents are necessary parties to any proceeding concerning a child in juvenile court and must be served. In re Dingess (May 22, 1997), Scioto App. No. 96CA2453, unreported. This court, noting that even an apparently unconcerned putative father is entitled to the minimal protection of service by publication in a dependency proceeding, has found that service of process of each parent goes to the heart of the court's jurisdiction and is a necessary requirement for the court's jurisdiction to attach. In re Ware (July 17, 1980), Cuyahoga App. No. 40983, unreported, at 3. The Ware court, citing In re Corey (1945),145 Ohio St. 413, paragraph one of the syllabus, stated 1. By virtue of the provisions of Section 1639-24, General Code, the parents of a minor child or children are entitled to notice, actual or constructive, in a proceeding instituted in the Juvenile Court upon a complaint of dependency of such children. Unless such notice is given to the parents, the jurisdiction of the court does not attach and a judgment of commitment rendered in such proceeding is void. Id.
This court in In re Hitchcock (1996), 120 Ohio App.3d 88, 99-100, recently affirmed the standing of a party to appeal a decision involving permanent custody of children and, citing In re Smith, supraat 52-53, determined that [a]n appealing party may complain of an error committed against a non-appealing party when the error is prejudicial to the rights of the appellant. Upon a showing of prejudice an appellant may challenge an error committed against a non-appealing party. In re Hiat (1993),86 Ohio App.3d 716, 721.
In this appeal, appellant has claimed that her potential retention of parental residual rights has been prejudiced by the court's failure to secure proper service and consider the father's defenses to the termination of his parental rights to Rhonda. Therefore, appellant has standing to challenge the termination of her parental rights as void for failure of service upon the putative father of her child. Accordingly, the trial court's permanent custody award of Rhonda Jones in Juv. No. 9894903 to CCDCFS must be vacated and the matter remanded to the juvenile court for further consideration.
Judgment in Juv. No. 9894903 is vacated and matter remanded.
The judgment in Juv. No. 9894903 is vacated and the cause is remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant recover from appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _________________________________________ TIMOTHY E. McMONAGLE, PRESIDING JUDGE
ROCCO, J., CONCURS; and PATTON, J., DISSENTS (WITH DISSENTING OPINION).