OPINION
{¶ 1} Respondent-Appellant, Patricia Billingsley, appeals a decision of the Putnam County Common Pleas Court, Juvenile Division, granting permanent custody of her two minor children to Putnam County Job and Family Services ("Agency"). On appeal, Patricia claims that the trial court was without jurisdiction to enter the permanent custody determination and that the determination was not in the children's best interest. Because the record demonstrates that Patricia had constructive notice of the dispositional hearing and waived, by failing to object to any deficiency, through her subsequent appearance, we find that the trial court had jurisdiction. Additionally, clear and convincing evidence was presented to support the trial court's grant of permanent custody to the Agency. Accordingly, we affirm the decision of the trial court.
{¶ 2} Facts and procedural posture pertinent to the issues raised on appeal are as follows. On August 3, 2000, a shelter-care hearing was conducted in reference to Dmitry and Courtney Billingsley, ages six and nine, respectively, resulting in the children being placed in the temporary care of the Agency. The immediate basis of removal related to the hazardous condition of the family home and a concern that the children's parents, Patricia and Michael Billingsley, would abscond with the children in light of the Agency's involvement. A complaint for neglect was also filed by the Agency at that time.
{¶ 3} A joint dispositional and adjudicatory hearing was held on August 18, 2000, resulting in a finding of neglect as to both children by the trial court. Consequently, the Agency was awarded temporary custody of them. Notably, the docket and record indicate that notice of the hearing for Patricia was returned as undeliverable; however, her attorney was in attendance. Subsequently, Dmitry and Courtney were placed in the home of their paternal grandparents.
{¶ 4} A case plan was established at the time of the dispositional hearing, although the Agency was unable to provide services for Patricia and Michael because they failed to cooperate on matters concerning their children. Shortly thereafter, arrest warrants were issued in Ohio for Patricia and Michael for involvement in the manufacturing of methamphetamine. The couple fled to California in October 2000. In June 2001, the couple was extradited back to Ohio after being arrested in California. During the interim, Patricia and Michael's only contact with their children was a few phone calls. And, no support for the children was ever contributed.
{¶ 5} Upon their return to Ohio, Patricia pled guilty to attempted manufacturing of drugs and failure to appear, resulting in an October 2001 sentence of four years, nine months of incarceration. Meanwhile, Michael was convicted and sentenced to seven years of incarceration for violating Ohio's racketeering statute in conjunction with convictions for manufacturing drugs. Prior to the permanent custody hearing, Patricia was notified by the agency that she could file a motion with the court to establish visitation with her children; however, to date, she has failed to do so.
{¶ 6} On February 12, 2002, the Agency moved for permanent custody of both children. After a March 11, 2002 hearing, the trial court found by clear and convincing evidence that the children have been in the custody of the Agency for at least twelve of the preceding twenty-two months and that the best interests of the children would be served by granting permanent custody to the Agency. From this decision, Patricia appeals, asserting two assignments of error for our review. Because her second assignment of error challenges the trial court's jurisdiction to determine permanent custody, we will address it first. Michael is not a party to this appeal.
Assignment of Error II
{¶ 7} "The appellant was not given reasonable notice of the adjudicatory or dispositional hearings and such hearings were conducted without her presence hindering her ability to protect her own legal interests."
{¶ 8} Patricia contends that without being properly apprised of the joint adjudicatory and dispositional hearing, the trial court was without jurisdiction to enter judgment therein, thus, in turn, making the permanent custody determination invalid. The record demonstrates that notice to Patricia of the August 18, 2000 dispositional hearing was returned undeliverable; however, prior thereto, Patricia appeared with counsel before the trial court for the August 3, 2000 shelter-care hearing. Within the judgment entry following this hearing, the court noted that the adjudicatory hearing would commence on August 18, 2000, and all parties, including Patricia, were mailed copies of the entry. Additionally, Patricia's counsel appeared on her behalf at the August 18th hearing, and at no time, during either the adjudicatory hearing or the subsequent permanent custody hearing, wherein Patricia was present, did she or her attorney object or raise an issue as to the propriety of notice.
{¶ 9} We recognize that "parents of minor children are entitled to notice, actual or constructive, in a proceeding instituted in the Juvenile Court upon a complaint of dependency of such children."[1]
When the record contains no evidence that a parent was apprised of the dependency hearing, a determination in relation thereto is void.[2]
Notwithstanding, while "[i]t is rudimentary that in order to render a valid personal judgment, a court must have personal jurisdiction over the defendant[,] * * * [t]his may be acquired either by service of process upon the defendant, the voluntary appearance and submission of the defendant or his legal representative, or by certain acts of the defendant or his legal representative which constitute an involuntary submission to the jurisdiction of the court. The latter may more accurately be referred to as a waiver of certain affirmative defenses, including jurisdiction over the person under the Rules of Civil Procedure."[3] In other words, without raising this error before the trial court and by entering an appearance through counsel, any objection to the inadequacies of the notice is waived.[4] Several appellate courts in Ohio have held that the validity of a subsequent judgment of permanent custody may not be affected where the parent has appeared in the case, contested the permanent custody motion on other grounds, and thus waived any failure of service in the dependency action.[5]
{¶ 10} Accordingly, we find that Patricia had, at the very least, constructive notice of the adjudicatory hearing, as supported by both the shelter-care hearing judgment entry and her attorney's presence on her behalf at the subsequent dispositional hearing. Furthermore, the record supports that at no time did Patricia object to the form of notice provided, thus waiving any error in relation thereto. Consequently, we find no prejudicial irregularity in the proceedings before the trial court, and Patricia's second assignment of error is hereby overruled.
Assignment of Error I
{¶ 11} "The trial court's decision granting Putnam County Job and Family Services permanent custody of the minor children was against the manifest weight of the evidence and an abuse of discretion."
{¶ 12} In her first assignment of error, Patricia contends that the trial court erred in finding that the children could not be placed with her within a reasonable amount of time and that it was in the best interest of the children to award permanent custody to the Agency. She further maintains that the Agency failed to offer services designed to reunify her and the children. Despite her contentions and based upon the following rationale, we affirm the decision of the trial court.
{¶ 13} As an initial matter, we note that an appellate court must adhere to "every reasonable presumption in favor of the lower court's judgment and finding of facts."[6] Judgments supported by "some competent, credible evidence"[7] are not subject to reversal for being against the manifest weight of the evidence.
{¶ 14} The Ohio Revised Code provides that a determination to permanently terminate parental rights must be supported by clear and convincing evidence.[8] Clear and convincing evidence is "that measure or degree of proof * * * which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."[9]
{¶ 15} R.C. 2151.414(B)(1) states that when deciding whether to permanently divest parents of their custody rights, a trial court must apply a two-prong test. The court must determine whether one of the factors in R.C. 2151.414(B)(1)(a) through (d) applies. And, the court must determine whether such action will serve the best interests of the child.[10] The relevant factor in this case is whether the children have "been in the temporary custody of one or more public children services agencies * * * for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999."[11]
{¶ 16} According to R.C. 2151.414(B)(1)(d), the children herein have continuously been in the temporary custody of the Agency since August 18, 2000, far exceeding the twelve month statutory mandate. While Patricia raises error in response to the trial court's determination that the children could not be placed in her care within a reasonable amount of time, pursuant to R.C. 2151.414(B)(1)(a), such a determination was not required by the trial court considering its finding under division (B)(1)(d).[12] Consequently, Patricia's argument in relation thereto is not material to this appeal.
{¶ 17} We will now turn to Patricia's contentions relating to the trial court's finding that granting permanent custody to the Agency would be in the children's best interest. R.C. 2151.414(D)(1) through (5) sets forth the relevant factors a court must consider in determining the best interests of the child. These factors include, but are not limited to, the following:
 {¶ 18} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 19} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 20} "(3) The custodial history of the child * * * ;
 {¶ 21} "(4) The child's need for a legally secure permanent placement and whether * * * [it] can be achieved without a grant of permanent custody to the agency;
 {¶ 22} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."[13]
{¶ 23} The evidence herein reveals that the children were initially removed from Patricia's residence because her home was hazardous and not suitable for children. Testimony indicates that while residing with their parents, the children were often present when illegal drugs were manufactured.[14] During attempts to establish a case plan with Patricia and her husband, warrants were issued for their arrest in Fall 2000, for their involvement in the manufacturing of methamphetamine. Thereafter, the couple fled from Ohio, leaving the children in their grandparents' care.[15] Eventually, in Summer 2001, Patricia was arrested in California and eventually extradited to Ohio. To date, Patricia has yet to cooperate with the agency to establish a case plan and, aside from a few phone calls, has had no communication with her children since fleeing from the State.[16] Moreover, while informed that she could file a motion to arrange for visitation, she has failed to do so.[17] Testimony further demonstrates that Patricia made no attempts to contact the agency concerning her children, and only after she was arrested did the agency know her whereabouts.[18] At the time of the permanent custody hearing, Patricia was serving a four years, nine-month sentence of incarceration. Throughout the entirety of this case, Patricia has yet to contribute any support for her children.[19]
Accordingly, based upon the clear and convincing evidence presented, we find no error in the trial court's finding that permanent custody would serve the children's best interest.
{¶ 24} Patricia further argues that the agency failed to offer services designed to reunify her and the children. We acknowledge that the agency "bears the ultimate duty to use diligent efforts to achieve the goal of family reunification.[20] However, as discussed above, when the children were first placed in the agency's care, Patricia was unwilling to cooperate with them in establishing a case plan. Thereafter, Patricia's whereabouts were either unknown or she was incarcerated, thus impeding any efforts of the agency. And, while given the opportunity to establish visitation, she has failed to do so. Based upon the evidence, we find Patricia's contention in this regard unsupported by the record.
{¶ 25} For each of the above stated reasons, we find Patricia's first assignment of error to be without merit, and it is overruled.
{¶ 26} Having found no error prejudicial to Appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
Judgment affirmed.
SHAW, P.J. and BRYANT, J., concur.
[1] In re Brown (1994), 98 Ohio App.3d 337, 346, quoting In re Corey (1945), 145 Ohio St. 413, paragraph one of the syllabus.
[2] Id.
[3] In re Crews (July 30, 1999), Montgomery App. No. 17670, quoting Maryhew v. Yova (1984), 11 Ohio St.3d 154, 156-57.
[4] In re Baby Girl Doe (2002), 149 Ohio App.3d 717, 2002-Ohio-4470, at ¶ 80, quoting In re Shaeffer Children (1993), 85 Ohio App.3d 683,688; In the Matter of: Villa (Oct. 26, 2001), Marion App. No. 9-01-21, 2001-Ohio-2300; Juv.R. 22(D).
[5] In re Grant (Feb. 8, 2001), Franklin App. No. 00AP-431; In the Matter of: Jennifer L. (May 1, 1998), Lucas App. No. L-97-1295; Brown v. Miami County Children Services Bd. (Apr. 5, 1991), Miami App. No. 90-CA-31.
[6] In re Brodbeck (1994), 97 Ohio App.3d 652, 659, quoting Gerijo, Inc v. Fairfield (1994), 70 Ohio St.3d 223, 226.
[7] C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus.
[8] R.C. 2151.414.
[9] Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus; In re Hickok (Sept. 1, 2000), Marion Nos. 9-2000-27, 9-2000-28, 9-2000-29.
[10] R.C. 2151.414(B)(1).
[11] R.C. 2151.414(B)(1)(d).
[12] See In re M.Z., et al. (Dec. 5, 2002), Cuyahoga App. No. 80799, 2002-Ohio-6634, at ¶ 16-17.
[13] R.C. 2151.414(D).
[14] R.C. 2151.414(D)(1), (4).
[15] R.C. 2151.414(D)(1), (3), (4).
[16] R.C. 2151.414(D)(1).
[17] Id.
[18] R.C. 2151.414(D)(1), (4).
[19] Id.
[20] In re Evans (Oct. 30, 2001), Allen App. No. 1-01-75, 2001-Ohio-2302.