THE STATE OF OHIO, APPELLEE, *v.* TAYLOR, APPELLANT.

(No. 2-85-2—Decided July 24, 1985.)

*Frederick D. Pepple,* prosecuting attorney, for appellee.

*S. Mark Weller,* county public defender, for appellant.

GUERNSEY, P.J. This is an appeal by the defendant, Michael Anthony Taylor, from a judgment of conviction and sentence entered December 14, 1984, of two counts of rape and one count of grand theft by the Criminal Division of the Court of Common Pleas of Auglaize County, following indictment on May 3, 1984. Taylor was born on January 20, 1967, the alleged offenses took place on December 3, 1983 and January 17, 1984, a complaint of delinquency by reason of the commission of the offenses was filed in the Juvenile Court Division, Court of Common Pleas of Auglaize County, on January 18, 1984, and on April 26, 1984, that court sustained the motion of the state of Ohio to relinquish jurisdiction for purposes of criminal prosecution and ordered Taylor transferred to the criminal division of the common pleas court for further proceedings according to law.

The defendant assigns error of the juvenile court "in determining that the alleged juvenile delinquent should be bound over to the criminal division for trial as an adult."

Although the thrust of the assignment of error is that the juvenile court abused its discretion in its determination of the issue of the amenability of the juvenile to treatment as prescribed by Juv. R. 30(C)(1) and 30(E)(1) through (5), we are initially concerned with the issue of the jurisdiction of the juvenile court to relinquish jurisdiction to the criminal, or general, division of the common pleas court and, of course, the derivative jurisdiction of the latter court to indict, convict and sentence the defendant. We have asked the parties to brief these jurisdictional issues and they have done so.

The issues of jurisdiction arise because of the undisputed record as to summons or notice given on the filing of the original complaint in juvenile court and the concurrent filing of the motion to relinquish jurisdiction. Summons was issued on the complaint and on the motion for service on the juvenile and his mother. Return was made by the sheriff showing personal service upon the juvenile but the return also showed that the mother was not found, being "reportedly in Florida." No further service of any sort was sought upon the mother, nor did she appear at any hearing or proceeding prior to the bindover. A "preliminary hearing" was held on January 26, 1984, on the motion to relinquish jurisdiction but the record shows no summons or notice as to such hearing having been given to anyone. A further hearing on that motion was also conducted on January 26, 1984, and the journal entry finding probable cause and ordering physical and mental examinations recites the presence at the hearing, in addition to the prosecuting attorney, of the defendant, his attorney and his "adult sister, Marlene Schaaf, with whom he has previously has [*sic*] been residing."

Without being preceded with any further summons or notice of record the cause came on for final hearing on the motion to relinquish jurisdiction on April 26, 1984, the prosecuting attorney, the defendant, and his counsel, the public defender, appearing.

Since we raised the issue of jurisdiction the parties and the juvenile court have filed a supplemental record showing a detention hearing on January 19, 1984, at which the defendant's sister, Marlene Schaaf, was present and stated that the defendant was living with her. The parties and the court also stated in the supplemental record that Marlene

Schaaf "was thereafter present at all proceedings held in the Auglaize County Common Pleas Court, Juvenile Division and Criminal Division." In his brief filed on the jurisdictional issue the prosecuting attorney concedes that the defendant's mother was not served with a copy of summons or of the motion to relinquish jurisdiction either personally, by mail, or by publication.

Common pleas courts are courts of general subject matter jurisdiction. They have jurisdiction over the prosecution of adults charged with the commission of felony crimes. Juvenile courts in Ohio have jurisdiction to determine if minors, alleged to have committed offenses which would constitute felonies if committed by adults, should be tried in the juvenile court as alleged delinquents or should be treated as adults for the purpose of invoking the jurisdiction of the criminal, or general, division of the common pleas court. The latter court cannot proceed against a minor on an indictment until the juvenile acquires the status of an "adult" via a "bind-over" proceeding, which proceeding the legislature has placed wholly within the subject matter jurisdiction of the juvenile court. See R.C. 2151.011(B)(1) and 2151.26.

To carry out its jurisdiction to relinquish jurisdiction, the juvenile court must adhere to the steps of due process prescribed by statute. *Kent* v. *United States* (1966), 383 U.S. 541 [40 O.O.2d 270]. R.C. 2151.26(C) provides that the juvenile court must hold a hearing prior to its determining whether to transfer jurisdiction and that:

"Notice in writing of the time, place and purpose of such hearing shall be given to his [the child's] parents, guardian, or other custodian and his counsel at least three days prior to the hearing."

Here, it appears from the record that no such notice was given to anyone, let alone the parents, guardian or custodian.

Although the record speaks to the presence of an adult sister in juvenile court in all proceedings therein, the sister was not a custodian within the meaning of that term. *Rarey* v. *Schmidt* (1926), 115 Ohio St. 518; R.C. 2151.011 (B)(10).

Therefore, for failure to follow the due process requirements of the statute to effect a proper bind-over to the common pleas court, the minor could not become an "adult" for the purpose of being subject to the jurisdiction of the latter court.

The prosecutor tries to justify the proceedings by arguing that only jurisdiction over the person of the defendant was involved and that such jurisdiction could be, and had been, waived. There is some authority to support this theory, *State* v. *Klingenberger* (1925), 113 Ohio St. 418; *State* v. *Adams* (1982), 69 Ohio St. 2d 120, 123 [23 O.O.3d 164]. However, such determination was not a part of, nor necessary to, the *Adams* decision and the legislature, in 1969, post-*Klingenberger,* enacted as part of R.C. 2151.26 the proscription that:

"No child, either before or after reaching eighteen years of age, shall be prosecuted as an adult for an offense committed prior to becoming eighteen unless the child has been transferred as provided in this section. * * *" (R.C. 2151.26[D].)

In our opinion, this language was not necessary if it was intended that the notice of hearing requirements of the statute could be waived and its inclusion evidences the legislative intent that the notice of hearing requirements, in order to protect the juvenile, are mandatory requirements, which cannot be waived by the juvenile by failing to object to non-compliance.

We note as well that juvenile courts are courts of limited and special jurisdiction. No presumption exists in favor of the jurisdiction of such courts. The record below must show upon its face full compliance with jurisdictional elements. *State, ex rel. Parsons,* v. *Bushong* (1945), 92 Ohio App. 101 [49 O.O. 245]. R.C. 2151.26(C) mandates that notice be sent to the person or persons listed therein. As the record does not reflect compliance therewith, the juvenile court was without jurisdiction to effect a transfer of jurisdiction to the common pleas court in the first instance.

It is therefore the opinion of this court that regardless of the summons provisions of R.C. 2151.29 the juvenile court, failing to comply with the notice of hearing provisions of R.C. 2151.26, was without jurisdiction to bind the defendant over to the criminal, or general, division of the common pleas court and the latter was without jurisdiction to proceed on an indictment against him. We find the assignment of error well-taken, reverse the judgment of conviction against him rendered by the Criminal, or General, Division of the Court of Common Pleas of Auglaize County, reverse the bind-over judgment of the Juvenile Division of that court and, as the juvenile court has exclusive jurisdiction to hear matters involving violations of state law committed while the perpetrator was a minor (R.C. 2151.011[B][1]), we remand the cause to the Juvenile Division, Court of Common Pleas of Auglaize County, for further proceedings on the complaint and motion to relinquish jurisdiction proceedings, as provided by law.

*Judgments reversed*
*and cause remanded.*

COLE and MILLER, JJ., concur.