THE STATE OF OHIO, APPELLEE, *v.* PARKS, APPELLANT.

(No. 10431—Decided July 22, 1988.)

*Lee C. Falke,* prosecuting attorney, and *Lorine M. Reid,* for appellee.

*Flanagan, Lieberman, Hoffman & Swaim* and *Richard Hempfling,* for appellant.

BROGAN, J. This is an appeal by the defendant, Ernest Parks, from a judgment of conviction and sentence of one count of aggravated robbery and one count of kidnapping by the Common Pleas Court of Montgomery County upon the defendant's no contest plea to said charges.

Appellant's sole assignment of error addresses the validity of the judgment because appellant contends the court lacked subject matter jurisdiction because of the failure of the Montgomery County Juvenile Court to comply with the mandates of the "bindover" procedure set out in R.C. Chapter 2151.

Initially, appellant attacks the jurisdiction of the common pleas court because he claims his parents were not served with notice of the relinquishment of jurisdiction hearing in juvenile court as required by R.C. 2151.26 and Juv. R. 30(B). Also, appellant contends the common pleas court lacked subject matter jurisdiction because the juvenile court erred in its determination that the defendant was not "amenable" to care and rehabilitation in any juvenile facility.

The record establishes that on October 1, 1986, the defendant was charged in juvenile court with two separate complaints with acts of delinquency in violation of R.C. 2151.02 in that he committed the felonious acts of kidnapping and aggravated robbery. The complaint alleged that the defendant was "about the age of sixteen years of age." It also alleged that the custodian of the defendant was Hattie Dozier. The record reveals she was personally served with the complaints on October 7, 1986. The defendant himself was served on the same day.

On October 6, 1986, the Montgomery County Prosecuting Attorney moved the court to relinquish jurisdiction so that the defendant could be tried as an adult. The "probable cause" hearing was set by the court for October 23, 1986 and the defendant and Hattie Dozier were duly notified of the hearing date. On October 23, 1986, the court determined that there was probable cause to believe that the defendant committed the acts alleged in the complaints, that he was more than fifteen years of age, and the acts would be felonies if committed by adults. The court further found that "written notice was given as required; that all parties necessary were present, and the child was represented by an attorney who was present."

The court then set December 17, 1986 as the date for the "amenability" hearing and the defendant, counsel, and Hattie Dozier were so notified. On that date, the court found that the defendant was not amenable to care or rehabilitation in any facility for the care, supervision, and rehabilitation of delinquent children. The court then ordered that the cases be transferred to the Criminal Division of the Montgomery County Court of Common Pleas. The court noted in its entry of findings that notice was given to the child's custodian and counsel of the time, place, and purpose of the hearing more than three days prior to the hearing. The court also noted the child, custodian, and counsel were present at the hearing.

The record reveals that at the time the complaints were filed against the defendant, his parents were divorced and the defendant was living with his grandmother, Hattie Dozier. No court records were ever introduced verifying the appellant's relationship to Mrs. Dozier.

R.C. 2151.26(A) provides that the juvenile court must hold a hearing prior to determining whether to

transfer jurisdiction. R.C. 2151.26(D) provides that "[n]otice in writing of the time, place and purpose of such hearing shall be given to his [the child's] parents, guardian, or other custodian and his counsel at least three days prior to the hearing."

"Custodian" is not defined in R.C. Chapter 2151. R.C. 2151.011(B)(10) defines "legal custody" as "a legal status created by court order which vests in the custodian the right to have physical care and control of the child and to determine where and with whom he shall live, and the right and duty to protect, train, and discipline him and to provide him with food, shelter, education, and medical care, all subject to any residual parental rights, privileges, and responsibilities. * * *"

Juv. R. 2(5) defines "custodian" as "a person who has been granted custody of a child by a court." Juv. R. 2(9) defines "guardian" as "a court appointed guardian of the person of a child." Juv. R. 2(16) defines "party" as "a child who is the subject of a juvenile court proceeding, his spouse, if any, his parent, * * * and, in appropriate cases, his custodian, guardian or guardian ad litem, the state and any other person specifically designated by the court."

R.C. 2151.26(E) provides in part:

"No child, either before or after reaching eighteen years of age, shall be prosecuted as an adult for an offense committed prior to becoming eighteen, unless the child has been transferred as provided in this section. * * *"

Appellant contends that although Mrs. Dozier was alternately referred to throughout the proceedings as the defendant's guardian or custodian, the state failed to produce any evidence of court proceedings establishing Mrs. Dozier's status as the child's guardian or custodian. Appellant contends that such references were in the vernacular sense rather than the legal sense. Appellant also contends notice was required to have been given to the defendant's parents even if Mrs. Dozier was the child's legal custodian or guardian.

Appellant places reliance on the case of *State* v. *Taylor* (1985), 26 Ohio App. 3d 69, 26 OBR 243, 498 N.E. 2d 211, in which the Court of Appeals for Auglaize County held that under the bind-over procedure set out in R.C. Chapter 2151, the notice of hearing requirement of R.C. 2151.26(C) is mandatory, and cannot be waived by the juvenile by his failure to object to noncompliance.

In *Taylor*, the defendant's sister was served with notice of the motion to relinquish jurisdiction because the defendant was residing with her. The sister was present at the proceedings. The court noted at 71, 26 OBR at 245, 498 N.E. at 213-214:

"Here, it appears from the record that no such notice was given to anyone, let alone the parents, guardian or custodian.

"Although the record speaks to the presence of an adult sister in juvenile court in all proceedings therein, the sister was not a custodian within the meaning of that term. *Rarey* v. *Schmidt* (1926), 115 Ohio St. 518; R.C. 2151.011(B)(10)."

At the probable cause hearing, Detective William Elzholz of the Dayton Police Department testified that Hattie Dozier told him she had *legal* custody of appellant and was his grandmother and guardian. He stated he didn't ask for documentation of the guardianship.

The record thus supports that notice was properly made upon the defendant's legal custodian as required by law.

Appellant also contends that the juvenile court erred in its determination that the defendant was not amenable to care or rehabilitation in any juvenile facility.

R.C. 2151.26(A) provides in pertinent part:

"(1) Except as provided in division (A)(2) of this section, after a complaint has been filed alleging that a child is delinquent by reason of having committed an act that would constitute a felony if committed by an adult, the court at a hearing may transfer the case for criminal prosecution to the appropriate court having jurisdiction of the offense, after making the following determinations:

"(a) The child was fifteen or more years of age at the time of the conduct charged;

"(b) There is probable cause to believe that the child committed the act alleged;

"(c) After an investigation, including a mental and physical examination of the child made by a public or private agency, or a person qualified to make the examination, that there are reasonable grounds to believe that:

"(i) He is not amenable to care or rehabilitation or further care or rehabilitation in any facility designed for the care, supervision, and rehabilitation of delinquent children;

"(ii) The safety of the community may require that he be placed under legal restraint, including, if necessary, for the period extending beyond his majority."

Juv. R. 30(E) amplifies the above requirement:

"In determining whether the child is amenable to the treatment or rehabilitative process available to the juvenile court, the court shall consider:

"(1) The child's age and his mental and physical health;

"(2) The child's prior juvenile record;

"(3) Efforts previously made to treat or rehabilitate the child;

"(4) The child's family environment; and

"(5) School record."

In *State* v. *Carmichael* (1973), 35 Ohio St. 2d 1, 64 O.O. 2d 1, 298 N.E. 2d 568, the Ohio Supreme Court held that R.C. 2151.26 contemplates that the juvenile court should have considerable latitude within which to determine whether it should retain jurisdiction, and the question of what constitutes "reasonable grounds" for relinquishing jurisdiction under R.C. 2151.26(A)(3) (now R.C. 2151.26[A][1] [c]) is within the sound discretion of the court after an investigation is made.

The record established that the defendant and three other youths beat the victim severely, robbed him of his valuables, and stuffed the victim into the trunk of his automobile. Subsequently, the youths stole the victim's automobile.

In 1983, appellant was placed on juvenile probation for breaking and entering. Subsequently in 1984 he again was arrested on a charge of aggravated burglary and admitted the offense. Again he was placed on probation. Later appellant admitted committing a petty theft. He told the referee he took a radio "because he wanted it." Appellant was then sentenced to the juvenile facility at Riverview Center for nine months. His stay was marked by fights and a poor attitude. After release he was placed on parole. Within weeks after his parole terminated, the appellant admitted his involvement in the instant crimes.

The social worker, Carol Soffel, testified it would be doubtful that the appellant would be amenable to rehabilitation in a juvenile institution. The court noted that the appellant had been before the court on a number of occasions and had been in one of the juvenile institutions in Columbus. The court stated it had considered the appellant's age, his mental and physical health, previous record, previous efforts to rehabilitate him, his school record, and his family environment.

We find no abuse of discretion in the court's determination to relinquish jurisdiction. The assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

FAIN, J., concurs.

KERNS, P.J., dissents.

KERNS, P.J., dissenting. In these proceedings, the state did not meet one, and possibly two, of the mandatory notice requirements of R.C. 2151.26(D), and pursuant to R.C. 2151.26(E), such failure was fatal to the transfer of jurisdiction from the juvenile court. See *State* v. *Taylor* (1985), 26 Ohio App. 3d 69, 26 OBR 243, 498 N.E. 2d 211; *Rarey* v. *Schmidt* (1926), 115 Ohio St. 518, 154 N.E. 914.

Regretfully, therefore, I must dissent from the conclusion reached by my distinguished colleagues in this case.