In re HUMERICK; New Lebanon Local School District
Board of Education, Intervenor–Appellant.

[Cite as *In re Humerick* (2000), 137 Ohio App.3d 45.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 17771.

Decided March 10, 2000.

*Montgomery County Public Defender's Office* and *Patricia Rousseau*, for appellee, Mother.

*Nicholas E. Subashi* and *David J. Arens*, for appellant, New Lebanon Local School District.

FAIN, Judge.

Intervenor-appellant New Lebanon Local School District Board of Education appeals from an order of the Montgomery County Common Pleas Court, Juvenile Division, ordering it to bear the costs of educating Mariah Humerick, a handicapped child receiving special education. New Lebanon Local School District argues that the trial court should have applied R.C. 3313.64(C)(1), which would make the local school district in which the parent of the handicapped child currently resides responsible for the costs of the child's education. Although the issue is not free from difficulty, we conclude that the trial court correctly applied R.C. 3313.64(C)(2), which provides that a local school district in which the parent of the child resided at the time that the child was removed from the parent's custody, New Lebanon Local School District in this case, must bear the costs of educating that child. Accordingly, the judgment of the trial court is affirmed.

I

New Lebanon Local School District has filed the only brief in this appeal. Because we concluded that the West Carrollton City School District would be the school district alternatively responsible for the costs of Mariah Humerick's education, should New Lebanon school district prevail in this appeal, we extended an invitation to the West Carrollton City School District, which was neither a

party in the trial court nor a party to this appeal, to file a brief *amicus curiae*. It has not responded to our invitation.

The facts are succinctly set forth in New Lebanon Local School District's brief, as follows:

"The important fact of this case is the changing residency of Mariah Humerick's mother, Tanya Sparks. Beginning in the 1998–99 school year Mariah Humerick attended school in the New Lebanon Local School District. At that time Mariah Humerick resided with her mother, Tanya Sparks.

"Prior to attending New Lebanon, Mariah Humerick attended the Kettering City School District. While attending the Kettering City School District, it was determined Mariah Humerick was handicapped within the meaning of R.C. Chapter 3323. An individualized educational plan was prepared.

"Mariah Humerick only attended New Lebanon from August 1998 until December 1998. Mariah Humerick did not return to school after the Christmas break in December 1998. On December 28, 1998, Tanya Sparks, Mariah Humerick's mother, moved from a residence in New Lebanon to a residence in the West Carrollton City School District.

"On December 22, 1998, the Montgomery County Children's Services Board filed a motion for temporary custody of Mariah Humerick. At that time Mariah Humerick's mother, Tanya Sparks, resided within the boundaries of New Lebanon. However, as previously noted, on December 28, 1998, Tanya Sparks moved to a residence within the West Carrollton City School District.

"On January 27, 1999 Magistrate Cranmer entered an order of interim temporary custody and shelter care placing Mariah Humerick in the care of Montgomery County Children Services. When Magistrate Cranmer entered his order on January 27, 1999, Magistrate Cranmer stated that New Lebanon should bear the cost of educating Mariah Humerick.

"Mariah Humerick currently resides at the Dettmer Residential Treatment Facility located in Miami County, Ohio. Dettmer has requested reimbursement of educational expenses for Mariah Humerick from New Lebanon." (Citations to record omitted.)

New Lebanon Local School District sought, and was granted, leave to intervene in the trial court for the purpose of objecting to the magistrate's decision. An order was entered in the trial court on May 21, 1999, overruling New Lebanon Local School District's objection.

New Lebanon Local School District appeals from the order of the trial court, entered April 5, 1999, requiring it to bear the costs of educating Mariah Humerick.

## II

New Lebanon Local School District's sole assignment of error is as follows:

"The juvenile court erred when it determined that New Lebanon Local School District is the school district responsible for bearing the cost of educating Mariah Humerick."

R.C. 3313.64(C) provides:

"A district shall not charge tuition for children admitted under division (B)(1) or (3) of this section. If the district admits a child under division (B)(2) of this section, tuition shall be paid to the district that admits the child as follows:

"(1) If the child receives special education in accordance with Chapter 3323. of the Revised Code, tuition shall be paid in accordance with section 3323.091, 3323.13, 3323.14, 3323.141 of the Revised Code regardless of who has custody of the child or whether the child resides in a home.

"(2) Except as otherwise provided in division (C)(2)(d) of this section, if the child is in the permanent or legal custody of a government agency or person other than the child's parent, tuition shall be paid by:

"(a) The district in which the child's parent resided at the time the court removed the child from home or at the time the court vested legal or permanent custody of the child and the person or government agency, whichever occurred first[.]"

Division (B)(2) of R.C. 3313.64 applies in this case because Mariah Humerick does not reside in the district where her parent resides and she both is in the legal or permanent custody of a government agency, and requires special education.

New Lebanon Local School District argues that the trial court should have applied R.C. 3313.64(C)(1), which provides that when a child is receiving special education, tuition is to be paid by the school district in which the parent of the child resides, regardless of who has custody of the child or whether the child resides in the home. If R.C. 3313.64 were the only statute that the trial court was required to consider, we would agree with New Lebanon Local School District. However, the jurisdiction, powers, and duties of a juvenile court are established in Chapter 2151 of the Ohio Revised Code, and R.C. 2151.357 provides:

"In the manner prescribed by division (C)(2) of section 3313.64 of the Revised Code, the court, at the time of making any order that removes a child from the child's own home or that vests legal or permanent custody of the child in a person other than the child's parent or a government agency, shall determine the school district that is to bear the cost of educating the child. The court shall make the

determination a part of the order that provides for the child's placement or commitment."

Thus, the very statute empowering and requiring the trial court to make the order from which this appeal is taken directs the trial court to determine the school district that is to bear the cost of educating the child "[i]n the matter prescribed by division (C)(2) of section 3313.64 of the Ohio Revised Code."

We agree with New Lebanon Local School District that there is some inconsistency between this provision and the scheme set forth in R.C. 3313.64(C). However, R.C. 2151.357 is specifically directed to juvenile courts making the type of order from which this appeal is taken, and it specifically directs the juvenile court to follow the provisions in R.C. 3313.64(C)(2), which the trial court did in the case before us. That provision requires the child's tuition to be paid by the district in which the child's parent resided at the time the court removed the child from the home, or at the time the court vested legal or permanent custody of the child in the person or government agency, whichever occurred first. In this case, that would be the New Lebanon Local School District.

New Lebanon Local School District makes the argument that the provisions of R.C. 3313.64(C)(1) should prevail over the provisions in R.C. 2151.357 because the former statute is specifically directed to the education of handicapped children, while the latter statute is directed to a juvenile court's determination of the school district responsible for the cost of educating a child when a child is removed from the home. New Lebanon Local School District cites R.C. 1.51 for the proposition that a specific statutory provision controls over a general statutory provision when there is irreconcilable conflict between the two provisions.

The problem we have with New Lebanon Local School District's argument is that we cannot say that either of the two statutes is more specific than the other. R.C. 3313.64(C)(1) deals with the costs of children receiving special education, regardless of whether the child has been removed from the home or is in the custody of a government agency. R.C. 2151.357 deals with a juvenile court's determination of which school district shall bear the costs of a child's education when the child has been removed from the home, regardless of whether the child is a handicapped child receiving special education. Thus, in our view, neither statute can be viewed as being more specific, or more general, than the other. They provide for two sets of circumstances, which admittedly overlap where, as here, a child receiving special education is in the custody of a government agency.

The General Assembly has established juvenile courts. Pursuant to its constitutional authority to do so, it has established the jurisdictional powers and duties of the juvenile court. In R.C. 2151.357, it has required a juvenile court, at the time of making any order that removes a child from the child's home, or that vests legal or permanent custody of the child in a person other than the child's

parent or a government agency, to determine the school district that is to bear the cost of educating the child. The General Assembly has specifically directed the juvenile court, in exercising this power and performing this duty, to do so in the manner prescribed by division (C)(2) of section 3313.64. That statutory provision specifically requires that the school district in which the child's parent resided at the time that the child was removed from the home, or at the time that the court vested legal or permanent custody of the child in the person or government agency, whichever occurred first, shall bear the costs of the child's education.

We conclude that the trial court correctly followed R.C. 2151.357, a statute controlling its exercise of its jurisdictional power, when it rendered the order from which this appeal was taken.

New Lebanon Local School District's sole assignment of error is overruled.

### III

New Lebanon's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

*Judgment affirmed.*

BROGAN and FREDERICK N. YOUNG, JJ., concur.