DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from an order of the Wood County Court of Common Pleas, Juvenile Division, directing that a public school system be responsible for a delinquent teenager's educational costs. Because we conclude that the trial court properly found appellant responsible, we affirm.
 {¶ 2} Zachariah T. became involved with the juvenile justice system in 1999, while living with his mother, Jodi W., within the Rossford Public School District. The record is silent as to the exact reason for this appearance. Neither is it wholly clear as to the disposition in this case, except that affidavits filed in the present matter indicate that interim temporary custody of Zachariah was awarded to his grandmother on October 18, 1999, and returned to his mother on February 8, 2000. In July 2000, Zachariah moved with his mother to Missouri.
 {¶ 3} In 2003, 15-year-old Zachariah was again living with his grandmother in North Toledo and enrolled in Woodward High School. Woodward is operated by appellant, Toledo Public Schools. At this point, Zachariah was apparently still on probation as a result of his 1999 Wood County Juvenile Court appearance.
 {¶ 4} When, on July 23, 2003, Zachariah submitted a urine specimen that tested positive for marijuana, his probation officer instituted the delinquency proceeding which underlies this appeal. Following an October 13, 2003 delinquency hearing, Zachariah was found delinquent. The court awarded Zachariah's temporary custody to the Wood County Department of Job and Family Services. The court ordered that appellant be responsible for Zachariah's tuition while in state custody. In December 2003, Zachariah's mother died in a traffic accident in Missouri.
 {¶ 5} On June 8, 2004, appellant moved that the court amend its dispositional order to assess tuition responsibility to appellee Rossford Public Schools. Appellant argued that because Zachariah was a special education student he is "handicapped" within the meaning of the law. As such, appellant insisted, tuition responsibility should be determined using R.C. 3323.01, rather than R.C. 2151.357 and 3313.64 as relied upon by the trial court.
 {¶ 6} According to appellant, R.C. 3323.01(H) defines "parent" as the handicapped child's "residential parent." Thus, when R.C. 3323.01(I) defines a "school district of residence" as the district in which the "parent" lives, the reference is to Zachariah's mother, rather than his grandmother. Since Zachariah's mother's last known address in Ohio was in the Rossford School District, appellant argues, it is Rossford which should be responsible for his tuition costs.
 {¶ 7} The trial court rejected appellant's argument, concluding that the applicable statutes in this matter were R.C. 2151.357 and R.C. 3313.64. The court noted that Zachariah was living with his grandmother and attending Toledo Public Schools during the time immediately prior to his adjudication. His grandmother was his legal guardian with the consent of Zachariah's mother who was living in Missouri when legal custody was changed. The court deemed Zachariah's status as a handicapped student to "not be relevant" to its consideration and reaffirmed its initial order that appellant be responsible for his tuition costs.
 {¶ 8} From this order, appellant now brings this appeal, setting forth the following two assignments of error:
 {¶ 9} "First assignment of error
 {¶ 10} "The trial court erred in finding that the handicap status of the minor child was irrelevant for purposes of determining tuition responsibility and in failing to apply R.C. 3323.01 et seq. to the facts of this case.
 {¶ 11} "Second assignment of error
 {¶ 12} "The trial court erred in failing to notify Toledo Public Schools of the November 14, 2003 hearing and in failing to permit Toledo Public Schools to be heard on the issue of tuition responsibility at that hearing."
 I. Procedural due process {¶ 13} In its second assignment of error, appellant insists that it should have been notified of the November 14, 2003 dispositional hearing at which it was ordered to pay Zachariah's tuition. Absent such notice and an opportunity to participate in that hearing, the court's order was improper, according to appellant.
 {¶ 14} At a minimum, procedural due process requires that a party be afforded notice of, and an opportunity to be heard in, any proceeding that may result in an infringement on a protected property interest.State v. Hochhausler (1996), 76 Ohio St.3d 455, 459; Bell v. Beightler,
10th Dist. No. 02AP-564, 2003-Ohio-88, at ¶ 51.
 {¶ 15} To prevail on this assignment of error, however, appellant must demonstrate more than that it was temporarily uninformed of proceedings. It must show that it was prejudiced by this occurrence. Gries SportsEnt., Inc. v. Cleveland Browns Football (1986), 26 Ohio St.3d 15, 28. In this regard, it appears that once appellant was notified of the court's order, it was afforded every opportunity to contest its liability through the introduction of evidence and argument which was duly considered by the trial court. That it did not prevail does not appear to be the result of its initial denial of notice of the proceedings. Consequently, appellant has failed to show prejudice. Accordingly, appellant's second assignment of error is not well-taken.
 R.C. 3323.01 {¶ 16} R.C. 2151.357 directs that, when a court orders a child's removal from his or her home or vests legal custody of a child in a person other than the child's parents, the court must determine the school district obligated to pay for educating the child. The statute requires that this determination must be made in conformity with R.C. 3313.64(C)(2).
 {¶ 17} In material part, R.C. 3313.64(C)(2) provides:
 {¶ 18} "[I]f the child is in the permanent or legal custody of a government agency, * * * tuition shall be paid by:
 {¶ 19} "(a) The district in which the child's parent resided at the time the court removed the child from home or at the time the court vested legal or permanent custody of the child in the * * * government agency, whichever occurred first;
 {¶ 20} "(b) If the parent's residence at the time the court removed the child from home or placed the child in the legal or permanent custody of the * * * government agency is unknown, tuition shall be paid by the district in which the child resided at the time the child was removed from home or placed in legal or permanent custody, whichever occurred first;
 {¶ 21} "(c) If a school district cannot be established under division (C)(2)(a) or (b) of this section, tuition shall be paid by the district determined as required by [R.C. 2151.357] by the court at the time it vests custody of the child in the * * * government agency * * *."
 {¶ 22} Applying the statute, the court concluded that, since Zachariah was in the legal custody of his grandmother and living with her within appellant's school district, appellant should be responsible for his tuition.
 {¶ 23} Appellant does not contest the propriety of the court's analysis under R.C. 2151.357 and R.C. 331364(C)(2). Rather, appellant insists, these are simply the wrong statutes to apply. Appellant maintains that since Zachariah is a handicapped child, the law applicable to him is contained in R.C. Chapter 3323. R.C. 3323.01 et seq. is a special provision for addressing the tuition responsibility of a handicapped child, according to appellant, and, therefore, takes precedence over the general provisions found in R.C. 2151.357. See R.C.1.51.
 {¶ 24} R.C. 3323.01 sets the school district responsible for the handicapped child's tuition based upon the child's parent's residence, not the child's. Moreover, the definition of "parents" found in R.C.3323.01(H) excludes grandparents or other guardians or custodians. By appellant's interpretation of R.C. 3323.01(I), to determine the district responsible for a handicapped child's tuition we must look to where the child's father or mother live or the parent's last known address. Appellant reasons that since Zachariah's father is unknown and his mother was residing in Missouri, outside the jurisdiction of Ohio courts, we must look to the mother's last known address, which was Rossford.
 {¶ 25} Citing In re Humerick (2000), 137 Ohio App.3d 45, the trial court rejected appellants' argument. In Humerick, the Court of Appeals for Montgomery County concluded that both R.C. 3323.01 and 2151.357 were special provisions dealing with different, if sometimes overlapping, circumstances. The Humerick court found that, since R.C. 2151.357 was directed by the General Assembly specifically to a juvenile court in exercising its judgment, the statute takes precedence over R.C. 3323.01
et seq.
 {¶ 26} Although Humerick appears to be well reasoned, we need not reach the statutory primacy issue because we believe that, in this instance, there is no conflict. The relevant portion of R.C. 3323.01 upon which appellant relies states:
 {¶ 27} "(H) `Parents' means either parent. If the parents are separated or divorced, "parent" means the parent who is the residential parent and legal custodian of the handicapped child. Except as used in division (I) of this section, * * * `parents' includes a child's guardian or custodian. * * *
 {¶ 28} "(I) As used in [the statutes defining financially responsible school districts], `school district of residence' means:
 {¶ 29} "(1) The school district in which the child's parents reside;
 {¶ 30} "(2) If the school district specified in division (I)(1) of this section cannot be determined, the last school district in which the child's parents are known to have resided if the parents' whereabouts areunknown;
 {¶ 31} "(3) If the school district specified in division (I)(2) of this section cannot be determined, the school district determined by the court under [R.C. 2151.357], or if no district has been so determined, the school district as determined by the probate court of the county in which the child resides. * * *" (Emphasis added.)
 {¶ 32} When custody of Zachariah was awarded to the Department of Job and Family Services, his father was unknown and, therefore, his whereabouts were unknown. His mother was living in Missouri, the school districts of which are outside the purview of an Ohio court's orders. Consequently, R.C. 3323.01(I)(1) is inapplicable.
 {¶ 33} R.C. 3323.01(I)(2) is applicable only if both of the child's parents' whereabouts are unknown. While Zachariah's father's whereabouts are unknown, we know where his mother was: Missouri. Consequently, R.C.3323.01(I)(2) is inapplicable.
 {¶ 34} If neither R.C. 3323.01(I)(1) nor (2) is applicable, R.C. 3323(I)(3) directs that the financially responsible school district be determined by the court using R.C. 2151.357. This is what the trial court did. Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 35} On consideration whereof, the judgment of the Wood County Court of Common Pleas, Juvenile Division, is affirmed. Costs to appellant pursuant to App.R. 24.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykwoski, J., Singer, P.J. Concur.